JAMES McDOWALL, John McDowall, William McDowall, Janet Farley, Barbara Jane McDowall, Elizabeth Radcliffe, Mary McLean, Peter Cameron, and David T. McDowall v. JOHN HERBERT, Edward I. Donovan, Mary Donovan, Isaac Ullyot, and Ambrose Ullyot.

(153 N. W. 464.)

**Action to quiet title — trial de novo — heirs at law — deceased fee holder — mortgage foreclosure — sheriff's deed on — tax deeds — possession under.**
Action to quiet title to land. Trial *de novo*. Plaintiffs, heirs at law of deceased fee title holder, and the grantee of a sheriff's deed on mortgage

foreclosure, bring action for the use and benefit of their grantee against the holder of certain tax deeds who has been for many years in possession of the land.

1. Following Munroe v. Donovan, post, 228, just decided by this court, it is held that the tax deed issued upon tax sale for the year 1894 is valid, and title is quieted in the defendants.

Opinion filed April 23, 1915.    Rehearing denied July 1, 1915.

*Engerud, Holt, & Frame* and *W. A. McIntyre,* for plaintiffs and appellants, and for defendant and appellant, *John Herbert.*

The deeds from Herbert and from the McDowalls to Champine are void, but actions can be brought and maintained in the names of the grantors for the benefit of Mr. Champine. Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258.

Courts will presume that the common law prevails in a sister state, and such is our statute. Rev. Codes 1905, § 7317, subdiv. 41, Comp. Laws 1913, § 7936; Leonard v. Fleming, 13 N. D. 629, 102 N. W. 308.

In theory of the law, change in the name of a corporation has no effect on the identity of the corporation. 7 Am. & Eng. Enc. Law, 687; Welfley v. Shenandoah Iron, Lumber Min. & Mfg. Co. 83 Va. 768, 3 S. E. 376.

A change in the name of a corporation does not change its identity, or affect its title to property. Girard v. Philadelphia, 7 Wall. 1, 19 L. ed. 53.

A change of corporate name does not exonerate it from liability previously created, if it is substantially the same. Northwestern College v. Schwagler, 37 Iowa, 577; Wilhite v. Convent of Good Shepherd, 117 Ky. 251, 78 S. W. 138; South Carolina Mut. Ins. Co. v. Price, 67 S. C. 207, 45 S. E. 173; Peever Mercantile Co. v. State Mut. F. Asso. 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236.

Such change does not amount to the creation of a new corporation. 7 Am. & Eng. Enc. Law, 686, 687; 1 Thomp. Corp. § 289; McCloskey v. Doherty, 97 Ky. 300, 30 S. W. 649.

Whatever is notice enough to excite attention, and put the party on guard, and call for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to

lead him to a fact, he shall be deemed conversant with it. Wetzler v. Nichols, 53 Wash. 285, 132 Am. St. Rep. 1075, 101 Pac. 867; Shauer v. Alterton, 151 U. S. 607, 38 L. ed. 286, 14 Sup. Ct. Rep. 442; Johnson v. Erlandson, 14 N. D. 521, 105 N. W. 722; Hingtgen v. Thackery, 23 S. D. 329, 121 N. W. 839; Webb v. John Hancock Mut. L. Ins. Co. 162 Ind. 616, 66 L.R.A. 632, 69 N. E. 1006.

The notice of the foreclosure of the mortgage was sufficient to apprise any and all persons interested, not only of the foreclosure of a certain specified mortgage, the names of the parties, the amount claimed to be due, the time and place of sale, and full description of the premises, but of the identity of the corporation. Iowa Invest. Co. v. Shepard, 8 S. D. 332, 66 N. W. 451; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132.

The laws of 1895 were wholly prospective, and did not affect the issuance of deeds under the 1890 revenue law; and the county auditor was the proper and necessary officer to execute deeds under tax sales made under the 1890 law: Fisher v. Betts, supra.

The deed here in question is void, for the further reason that it does not conform to the form or deed provided by the laws of 1891, and is of no force. Beggs v. Paine, 15 N. D. 438, 109 N. W. 322.

The recitals in such deeds must conform to the requirements of the law. Batelle v. Knight, 23 S. D. 161, 120 N. W. 1102, 20 Ann. Cas. 456; King v. Lane, 21 S. D. 101, 110 N. W. 37; Battelle v. Wolven, 22 S. D. 39, 115 N. W. 99; Youker v. Hobart, 17 N. D. 299, 115 N. W. 839.

A deed void on its face does not set in motion the statute of limitations. Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Hegar v. DeGroat, 3 N. D. 354, 56 N. W. 150; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357.

In order to constitute a valid tax sale, there must be a valid assessment forming the basis of the tax, and it must be verified by the assessor. Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Lee v. Crawford, 10 N. D. 482, 88 N. W. 97; Sheets v. Paine, 10 N. D. 103, 86 N. W. 117; Grand Forks County v. Frederick, 16 N. D. 118, 125 Am. St. Rep. 621, 112 N. W. 839.

All the essential steps in levying a tax must appear by some record,

and this means a record kept by some county official. O'Neil v. Tyler, 3 N. D. 55, 53 N. W. 434; Power v. Larabee, 2 N. D. 141, 49 N. W. 724.

The making of an itemized statement of estimated expenditures is an essential element in the levying of a tax. Engstad v. Dinnie, 8 N. D. 8, 76 N. W. 292; Shuttuck v. Smith, 6 N. D. 56, 69 N. W. 5.

No notice of the time of redemption from the sale was ever given, published, or served by any county official, and therefore no officer had authority to execute or deliver a tax deed upon such sale. Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; O'Neil v. Tyler, 3 N. D. 55, 53 N. W. 434; Power v. Larabee, supra.

The sale was contrary to the provisions of the law in force at the time, and is therefore void. Batelle v. Knight, 23 S. D. 161, 120 N. W. 1102, 20 Ann. Cas. 456; King v. Lane, 21 S. D. 101, 110 N. W. 37; Battelle v. Wolven, 22 S. D. 39, 115 N. W. 99.

And the deed issued on such sale is void, and insufficient to set in motion the special limitation statute. Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Hegar v. DeGroat, 3 N. D. 354, 56 N. W. 150; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Engstad v. Dinnie, 8 N. D. 8, 76 N. W. 292; Shuttuck v. Smith, 6 N. D. 56, 69 N. W. 5.

The notice of the expiration of the time to redeem from a tax sale must set forth the true amount necessary to redeem. Reed v. Lyon, 96 Cal. 501, 31 Pac. 619; State ex rel. National F. Ins. Co. v. Scott, 92 Minn. 210, 99 N. W. 799; Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707.

So, also, must the time be correctly stated in such notice. State Finance Co. v. Beck, 15 N. D. 383, 109 N. W. 357; Kipp v. Nord, 73 Minn. 1, 72 Am. St. Rep. 590, 75 N. W. 760; State ex rel. Kipp v. Robinson, 75 Minn. 1, 77 N. W. 414; Clary v. O'Shea, 72 Minn. 105, 71 Am. St. Rep. 465, 75 N. W. 115.

The laws are mandatory in all their requirements. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Clary v. O'Shea, 72 Minn. 105, 71 Am. St. Rep. 465, 75 N. W.

115; Walker v. Martin, 87 Minn. 489, 92 N. W. 336; Gahre v. Berry, 82 Minn. 200, 84 N. W. 733; Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736.

Such defects as are here stated are jurisdictional. Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Miller v. Miller, 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Lee v. Crawford, 10 N. D. 482, 88 N. W. 97; Grand Forks County v. Frederick, 16 N. D. 118, 125 Am. St. Rep. 621, 112 N. W. 839.

The law in force at the time of a tax sale, and at the time of the issuance of a deed thereon, becomes a part of the contract between the state and the purchaser, and also the owner of the equity of redemption. Cole v. Lamb, 81 Minn. 463, 84 N. W. 329; Kenaston v. Great Northern R. Co. 59 Minn. 35, 60 N. W. 813; State ex rel. Kipp v. Nord, 73 Minn. 1, 72 Am. St. Rep. 594, 75 N. W. 760; Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Blakemore v. Cooper, 15 N. D. 17, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Fisher v. Betts, 12 N. D. 198, 96 N. W. 132; State ex rel. Davenport v. McDonald, 26 Minn. 145, 1 N. W. 832; Fleming v. Roverud, 30 Minn. 273, 15 N. W. 119; State ex rel. Wheeler v. Foley, 30 Minn. 350, 15 N. W. 375; Cooley, Taxn. 350; Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614; Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; Johnson v. Taylor, 150 Cal. 201, 10 L.R.A.(N.S.) 818, 119 Am. St. Rep. 181, 88 Pac. 903.

A statement, in a tax deed, that the land was offered for sale "in accordance with law," is a mere conclusion, and can impart no validity to the deed. Rush v. Lewis & C. County, 37 Mont. 240, 95 Pac. 836; 37 Cyc. 1436; Duncan v. Gillette, 37 Kan. 156, 14 Pac. 479.

A failure to state the place of sale, in a notice, renders the deed void. Ludden v. Hansen, 17 Neb. 354, 22 N. W. 766; McGrath v. Wallace, 116 Cal. 548, 48 Pac. 719; 37 Cyc. 1436; Rush v. Lewis & C. County, 37 Mont. 240, 95 Pac. 836.

The county auditor's deed was issued under a sale made under a different statute or revenue law, and renders the deed void on its face. Youker v. Hobart, 17 N. D. 299, 115 N. W. 839; King v. Lane, 21 S. D. 101, 110 N. W. 37.

It is necessary that a tax deed show on its face that all the requirements of the law have been met, or the deed is void. Batelle v. Knight, 23 S. D. 161, 120 N. W. 1102, 20 Ann. Cas. 456; King v. Lane, supra; Battelle v. Wolven, 22 S. D. 39, 115 N. W. 99; Grimm v. O'Connell, 54 Cal. 522; 37 Cyc. 1434; Cogel v. Raph, 24 Minn. 198; Sheehy v. Hinds, 27 Minn. 259, 6 N. W. 781; Madland v. Benland, 24 Minn. 376; Duncan v. Gillette, 37 Kan. 156, 14 Pac. 479; Bonham v. Weymouth, 39 Minn. 92, 38 N. W. 805; Beggs v. Paine, 15 N. D. 439, 109 N. W. 322; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Hegar v. DeGroat, 3 N. D. 354, 56 N. W. 150; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357.

The right to a deed of specific form is a contractual one, and cannot be taken away by the legislature, and no subsequent act of the legislature can change the effect of it as evidence. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132.

Any law or act in derogation of such right would be unconstitutional. Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Sweigle v. Gates, 9 N. D. 543, 84 N. W. 481; Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; State Finance Co. v. Mather, 15 N. D. 393, 109 N. W. 350, 11 Ann. Cas. 1112.

The principles of law governing the redemption from mortgage foreclosures are applicable to redemption from tax sales and certificates. McDonald v. Beatty, 10 N. D. 517, 88 N. W. 281; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 475, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

Defendant Donovan was not in possession under color of title, and therefore any expenditures he made by way of improvements were voluntary, and he is not entitled to recover them back. McLellan v. Omodt, 37 Minn. 157, 33 N. W. 326; Seigneuret v. Fahey, 27 Minn. 60, 6 N. W. 403; O'Mulcahy v. Florer, 27 Minn. 449, 8 N. W. 166; Cook v. Bertram, 86 Mich. 356, 49 N. W. 42; 37 Cyc. 1540.

Color of title is that which in appearance is title, but which in reality is not title. Wright v. Mattison, 18 How. 56, 15 L. ed. 283; Miller v. Clark, 56 Mich. 337, 23 N. W. 35.

The title conveyed by the sheriff's deed vested in Herbert, and not

as trustee. Perry, Tr. § 334; Greenwood Lake & P. J. R. Co. v. New York & G. L. R. Co. 134 N. Y. 435, 31 N. E. 874; Towar v. Hale, 46 Barb. 361; People v. Open Board of Stock Brokers Bldg. Co. 49 Hun, 349, 2 N. Y. Supp. 113, 112 N. Y. 670, 20 N. E. 414; Van Schaick v. Lese, 31 Misc. 610, 66 N. Y. Supp. 64; Kanenbley v. Volkenberg, 70 App. Div. 97, 75 N. Y. Supp. 8; Title Guaranty & T. Co. v. Fallon, 101 App. Div. 187, 91 N. Y. Supp. 497; Hart v. Seymour, 147 Ill. 598, 35 N. E. 246.

*Geo. M. Price* and *Scott Rex,* for respondents.

The statute requires each defendant to set out his claim of title; it is also true that the statute requires that the plaintiff shall recover upon the strength of his own title, and shall assert as plaintiff all the title he has or claims, and failing to recover as plaintiff, he cannot recover as defendant.

The deeds from the McDowall heirs to Donovan were valid, and passed title to Donovan, to the extent of their interest. Jackson v. Demont, 9 Johns. 55, 6 Am. Dec. 259; Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586; Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258; Burke v. Scharf, 19 N. D. 227, 124 N. W. 79; Hanitch v. Beiseker, 21 N. D. 290, 130 N. W. 833.

The laws in existence and controlling, at the time of the foreclosure of the mortgage in question, required that the records in the office of the register of deeds of the county show that the person assuming to foreclose by advertisement is the record owner of the mortgage to be foreclosed; that the power of sale must be exercised by the record owner. Thorp v. Merrill, 21 Minn. 336.

The mere assignee and holder of a note secured by mortgage upon real estate could not have foreclosed the mortgage by advertisement; a properly executed and recorded assignment of the mortgage was necessary. Hickey v. Richards, 3 Dak. 345, 20 N. W. 428; Hayes v. Lienlokken, 48 Wis. 509, 4 N. W. 584; Bausman v. Kelley, 38 Minn. 197, 8 Am. St. Rep. 661, 36 N. W. 333; Miller v. Clark, 56 Mich. 337, 23 N. W. 35; Benson v. Markoe, 41 Minn. 112, 42 N. W. 787; Morrison v. Mendenhall, 18 Minn. 232, Gil. 212.

The power of sale by advertisement contained in a mortgage can only be executed by the owner, or by the person who by assignment becomes

entitled to the money secured to be paid.  Morris v. McKnight, 1 N. D. 266, 47 N. W. 375.

The identity of assignors of a mortgage cannot be established by *an ex parte* statement of their identity in a notice of sale.  The Globe Investment Company here tried to do this, by a *statement* that it and the Dakota Mortgage Loan Corporation are the same.  Benson v. Markoe, 41 Minn. 112, 42 N. W. 787; Morris v. McKnight, supra.

The power of sale shall be exercised by the person in whom it resides, when the records show complete evidence of the same, and the notice of sale shall recite such record.  Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864; Backus v. Burke, 48 Minn. 260, 51 N. W. 284.

Not only is this true, but the instrument granting the power should be one entitled to be recorded.  27 Cyc. 1464, 1466; Dohm v. Haskin, 88 Mich. 144, 50 N. W. 108.

Such instrument must be executed and acknowledged as by law provided; and where such instrument or assignment is not so executed, its record, and the exercise of the power of foreclosure under it, are mere nullities.  Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78; Langmaack v. Keith, 19 S. D. 351, 103 N. W. 210; Hebden v. Bina, 17 N. D. 235, 116 N. W. 85, 138 Am. St. Rep. 700.

The record of an instrument not entitled to be recorded does not constitute constructive notice to the public.  Cannon v. Deming, 3 S. D. 421, 53 N. W. 863; American Mortg. Co. v. Mouse River Live Stock Co. 10 N. D. 290, 86 N. W. 965; Donovan v. St. Anthony & D. Elevator Co. 8 N. D. 585, 46 L.R.A. 721, 73 Am. St. Rep. 779, 80 N. W. 772.

Herbert and the McDowall heirs had abandoned the land; Donovan bought in the taxes for seven years; he was also in possession under deeds from the McDowall heirs; Champine took the deed from Herbert while Donovan was in possession under color of title, and this action was not begun for six years after Donovan paid the old taxes and secured deed from McDowall heirs.  Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258; Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586; Burke v. Scharf, 19 N. D. 227, 124 N. W. 79; Hanitch v. Beiseker, 21 N. D. 290, 130 N. W. 833; Jackson v. Demont, 9 Johns. 55, 6 Am. Dec. 259.

The absence of an assessor's oath to the assessment roll is not fatal to the tax, in an equitable action like this one. Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Grand Forks County v. Fredericks, 16 N. D. 118, 125 Am. St. Rep. 621, 112 N. W. 839; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112; Graham v. Mutual Realty Co. 22 N. D. 423, 134 N. W. 43.

The failure of the board of county commissioners to make the itemized statement of expenses for the ensuing year is not a jurisdictional defect. Scott & B. Mercantile Co. v. Nelson County, 14 N. D. 407, 104 N. W. 528; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; Engstad v. Dinnie, 8 N. D. 8, 76 N. W. 292.

Where any tax proceedings are not required by law to be made matter of record, a record is not necessary to the validity of the tax. The law only requires substantial compliance with the statute. Proceedings relative to the giving of notice of expiration of redemption on tax sales were not required to be made matter of record, at the time of the transactions in question. Laws of 1890, § 103, chap. 132.

The deed is in itself evidence of the fact that notice of expiration of redemption was given. The statutory presumption of the discharge of official duty, and the evidentiary character of the recitals in the deed, were sufficient to establish the giving of a legal notice of the expiration of redemption, in the absence of direct proof to the contrary. Fisher v. Betts, 12 N. D. 209, 96 N. W. 132.

Statutory provisions as to the time of levying a tax are directory only. Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Wingate v. Ketner, 8 Wash. 94, 35 Pac. 591; Sharpe v. Engle, 2 Okla. 624, 39 Pac. 384; Sweet v. Boyd, 6 Okla. 699, 52 Pac. 939.

Curative statutes act retrospectively, and operate to cure defects in mere form and procedure. It is competent for the legislature to correct and cure defects and informalities, and to make that valid which was void when done, where vested rights are not destroyed. 36 Cyc. 1221; Black, Tax Titles, 1st ed. § 271; Cooley, Const. Lim. p. 371; Beggs v. Paine, 15 N. D. 449, 109 N. W. 322.

Statutes of limitation have a much wider scope than mere curative laws. Persons having grievances must seasonably assert them, or be precluded from making complaint. Saranac Land & Timber Co. v.

31 N. D.—15.

Comptroller (Saranac Land & Timber Co. v. Roberts) 177 U. S. 330, 44 L. ed. 792, 20 Sup. Ct. Rep. 642; Meigs v. Roberts, 162 N. Y. 371, 76 Am. St. Rep. 322, 56 N. E. 838; Bryan v. McGurk, 200 N. Y. 332, 93 N. E. 989.

And this is true, whether the defects of which complaint is made are jurisdictional, or mere irregularities. Carlisle v. Yoder, 69 Miss. 384, 12 So. 255; Ross v. Royal, 77 Ark. 324, 91 S. W. 178; McKinnon v. Fuller, 33 S. D. 582, 146 N. W. 910; Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204; Pence v. Miller, 140 Mich. 205, 103 N. W. 582; Hamner v. Yazoo Delta Lumber Co. 100 Miss. 349, 56 So. 466; Oconto County v. Jerrard, 46 Wis. 317, 50 N. W. 591.

The statute leaves such parties estopped to speak the truth, because they did not speak it when they might and should have done so. Dupen v. Wetherby, 79 Wis. 203, 48 N. W. 378; Ward v. Huggins, 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285; Baylis v. Kerrick, 64 Wash. 410, 116 Pac. 1082; Fish v. Fear, 64 Wash. 414, 116 Pac. 1083; Williams v. Conroy, 35 Colo. 117, 83 Pac. 959; Bennet v. North Colorado Springs Land & Improv. Co. 23 Colo. 470, 50 Am. St. Rep. 281, 48 Pac. 812; Bardon v. Land & River Improv. Co. 157 U. S. 327, 39 L. ed. 719, 15 Sup. Ct. Rep. 650; McKone v. Fargo, 24 N. D. 53, 138 N. W. 967; Rev. Codes 1905, § 2790, Comp. Laws, 1913, § 3715; Scott & B. Mercantile Co. v. Nelson County, 14 N. D. 407, 104 N. W. 528; State Finance Co. v. Mather, 15 N. D. 390, 109 N. W. 350, 11 Ann. Cas. 1112; Nind v. Myers, 15 N. D. 400, 8 L.R.A.(N.S.) 157, 109 N. W. 335.

Courts do not construe tax laws and limitation statutes in such manner as to place a premium upon the failure of property owners to pay their taxes. Oconto County v. Jerrard, 46 Wis. 317, 50 N. W. 591; Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049.

BURKE, J. Trial *de novo.* The facts were stipulated in the court below, and therefrom it appears that one David McDowall was in 1885 the owner of the southwest quarter, section 23, township 162, range 59, and during that year he and his wife duly executed a mortgage thereon in the sum of $400, which mortgage was thereafter fore-

closed, and sheriff's deed issued to one John Herbert, trustee. McDowall moved from the premises and died intestate, in 1887. The taxes for the year 1892 were unpaid, and went to tax deed to the defendant Donovan. Thereafter the taxes were allowed to go to sale, and various tax deeds thereunder were issued to the defendants, Edward I. Donovan and Mary Donovan. Donovan took possession of the land in December, 1896; and there has ever since been in open, continuous, exclusive, and adverse possession thereof, and has made improvements thereon, and has paid directly and indirectly all taxes thereon, excepting that the use plaintiff, Champine, redeemed from the tax sales in the years 1907, 1908, 1909, and 1910. In the year 1902, Champine obtained a quitclaim deed from the plaintiffs, James, John, William, Jane, Ellen, and David McDowall, and other heirs at law of said David McDowall, deceased, which quitclaim deed shows on its face a consideration of $1. He also obtained a quitclaim deed from Herbert, as trustee, the holder of the sheriff's deed aforesaid. Champine, being unable to maintain an action in his own name against the defendant Donovan, owing to the champertous nature of his deeds, brings the action in the name of his grantors, for his use and benefit. The defendants, answering, set forth the tax deeds aforesaid, pleading the short-term statute of limitations and other defenses made in the case of Munroe v. Donovan, post, 228, 153 N. W. 461, just decided by this court. Among the deeds so offered is one for the taxes for the year 1894, which is similar to the tax deed which was held good in the last mentioned case; and a further discussion of the merits of the case will not be undertaken. Following such decision, we hold this tax deed to be good, and vests title in the defendant, Mary Donovan, for the use and benefit of Edward I. Donovan, as per the stipulation between those defendants. The judgment of the trial court is affirmed.

Goss, J. did not participate, Hon. A. G. Burr, Judge of the Ninth Judicial District, sitting in his stead, by request.